J-S47005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
                v.                    :
                                :
                                :
DALE A. SEIBERT              :
                                :
             Appellant         :    No. 738 EDA 2023

Appeal from the Judgment of Sentence Entered February 15, 2023
In the Court of Common Pleas of Northampton County
Criminal Division at No:  CP-48-CR-0000091-2022

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED MARCH 1, 2024**

Appellant, Dale A. Seibert, appeals from the judgment of sentence imposed by the Court of Common Pleas of Northampton County as amended on February 15, 2023[1], following his guilty plea to indecent assault and indecent exposure.  Counsel has filed an application to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396 (1967).  We agree with counsel and the trial court that Appellant's challenges to the discretionary aspects of his sentence are without merit.  Therefore, we affirm the judgment of sentence and grant counsel's application to withdraw.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The trial court originally entered a judgment of sentence on February 13, 2023; however, the trial court clarified its sentence on February 15, 2023.

Appellant pleaded guilty to indecent assault (person less than 13 years of age) and indecent exposure on September 1, 2022.[2] The trial court summarized the factual basis for the guilty pleas:

> [Appellant] admitted that on multiple occasions between 2014 and 2021, he touched one victim's vagina under her clothing, when she was between the ages of seven and 13, and that he exposed his penis to another victim when she was under the age of 12. The victims of both offenses were [Appellant's] biological daughters.

Trial Court Opinion, 4/17/23, at 2 (internal citation omitted). Sentencing was deferred for the completion of a presentence investigative report, a psychosexual evaluation and an evaluation by the sexual offender assessment board ("SOAB") to determine if Appellant should be classified as a sexually violent predator. Following a hearing on February 13, 2023, Appellant was sentenced to an aggregate term of 24 to 120 months of incarceration, followed by 36 months of probation. He was also classified as a sexually violent predator.

On March 15, 2023, Appellant filed a *pro se* notice of appeal. Appellant was represented by counsel at the time, who was provided a copy pursuant to Pa.R.Crim.P. 576(a)(4)[3]. The same day, the trial court directed Appellant

---

[2] In exchange, the Commonwealth withdrew two counts of endangering the welfare of children, two counts of corruption of minors and one count of indecent assault (without consent of other). N.T. Plea, 9/1/22, at 2.

[3] "In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept
*(Footnote Continued Next Page)*

to file a concise statement of errors complained of on appeal. Both counsel and the trial court complied with Pa.R.A.P. 1925. Thereafter, counsel filed an application to withdraw and an **Anders** brief, concluding that this appeal was frivolous.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007). To withdraw pursuant to **Anders**, counsel must:

> (1)   petition the court for leave to withdraw stating that after making a conscientious examination of the record it has determined that the appeal would be frivolous;
>
> (2)   file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and
>
> (3)   furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention.

**Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005). The **Anders** brief must comply with the following requirements:

> (1)   provide a summary of the procedural history and facts, with citations to the record;

---

it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. **A copy of the time stamped document shall be forwarded to the defendant's attorney** and the attorney for the Commonwealth within 10 days of receipt."

(2)    refer to anything in the record that counsel believes arguably supports the appeal;

(3)    set forth counsel's conclusion that the appeal is frivolous; and

(4)    state counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Here, counsel filed an application to withdraw, but failed to attach a copy of a *Millisock* letter notifying Appellant of his rights. On September 12, 2023, we issued an order instructing counsel to provide Appellant with a letter pursuant to *Millisock* and file a copy of said letter with this Court. On October 16, 2023, counsel filed a response containing a copy of the *Millisock* letter dated July 28, 2023. Likewise, counsel has filed an *Anders* brief that substantially complies with the requirements set forth in *Santiago*. Although counsel failed to cite to the certified record, we are cognizant that the framework of *Anders* and *Santiago* requires substantial, not perfect, compliance. *See Commonwealth v. Wrecks*, 934 A.2d 1287 (Pa. Super. 2007).

Having concluded that counsel has satisfied the procedural requirements, we now turn to "undertake an independent examination of the record to determine whether or not the appeal is wholly frivolous." *Commonwealth v. Kearns*, 896 A.2d 640, 643 (Pa. Super. 2006).

Appellant raises the following issues for our review:

1. The Trial Court committed reversible error in that it failed to set forth sufficient reasons upon the record for imposing

- 4 -

consecutive sentences upon the Defendant, each of which falls in the aggravated range of sentence set forth in the Pennsylvania Sentencing Guidelines.

2. The Trial Court committed reversible error by failing to consider mitigating factors which include the fact that the Defendant expressed genuine remorse for his deeds and promptly accepted responsibility for his crimes.

3. The Trial Court committed reversible error by imposing a sentence for the crime of Indecent Assault, graded as a felony of the third degree, which exceeds the statutory maximum penalty allowed by law.

Statement of Matters Complained of on Appeal, filed 4/5/23.[4]

In his first two issues, Appellant challenges the discretionary aspects of his sentence. Appellant argues that the trial court failed to consider mitigating factors and failed to state its reason for imposing consecutive sentences. We disagree.

Challenges to the discretionary aspects of sentencing are not entitled to appellate review as a matter of right. *Commonwealth v. Clemat*, 218 A.3d 944, 959 (Pa. Super. 2019). Rather, such challenges are considered petitions for allowance of appeal. *Id.* Thus, an appellant must invoke our jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a

---

[4] We note that the statement of issues in the *Anders* brief is ordered and worded differently that the concise statement. As the trial court analyzed the issues as stated in the concise statement, we will do the same.

substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Id.*

In reviewing the record, we find that Appellant failed to satisfy the criteria to invoke our jurisdiction to challenge to the discretionary aspects of his sentence. Appellant filed a timely notice of appeal. With respect to the second criteria, Appellant filed a *pro se* motion for reconsideration, which was forwarded to his counsel of record pursuant to Rule 576, and a counseled motion for reconsideration was never filed. "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentence proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (internal citation omitted). Here, the issues were not preserved because counsel failed to file a post-sentence motion. Therefore, we are precluded from addressing the merits.[5]

Even if we were to find Appellant did not waive his challenge to the discretionary aspects of his sentence, we agree with counsel that the appeal

---

[5] We note that there is a question as to whether the remaining criteria have been met. Appellant failed to file a Rule 2119(f) statement. *See Commonwealth v. Lilley*, 978 A.2d 995 (Pa. Super. 2009) (an appellant must satisfy the requirements of Rule 2119(f) before we can decide whether a substantial question exists). It also is questionable whether a substantial question has been raised. However, given our disposition, we need not address those issues.

is wholly frivolous. We review a sentencing court's determination for an abuse

of discretion:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Clemat*, 218 A.3d at 959 (citing *Commonwealth v. Zirkle*, 107 A.3d 127,

132 (Pa. Super. 2014)). A sentencing court must state its reason for the

sentence on the record. 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Fowler*,

893 A.2d 758, 767 (Pa. Super. 2006). This can be satisfied by a trial court

stating on the record that it reviewed the pre-sentence investigation report.

*Fowler*, 893 A.2d at 767. Our Supreme Court has stated:

> Where [a] pre-sentence report exists, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention in engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

In this case, the trial court had the benefit of a pre-sentence investigation, a psychosexual evaluation and a sexually violent predator assessment. N.T. Sentencing, 2/13/23, at 3. This alone satisfies the trial court's requirement to place its reasons for imposing a particular sentence on the record. *Fowler, supra.* Moreover, the trial court did state its reasons:

> All right. Mr. Seibert, I don't – I appreciate the fact that today for the first time I at least saw some modicum of remorse. I had yet to see any of that up until today.
>
> Up until today I saw really nothing but excuses and justifications for why you did something that you would acknowledge is wrong and offensive; but you always tried to distance yourself from it. Like I wouldn't have done that if I wasn't under the influence of alcohol. And I guess based upon what I heard from Dr. Valliere, there is a possibility that you might have controlled your urges toward your daughters if you had not consumed alcohol, but it is in no way a justification.
>
> I – I'm hearing a lot about how this has impacted you, that you have a medical situation that is dire and you're not getting the appropriate treatment. I don't think you have any idea, perhaps none of us has any idea, just what your conduct has done to your girls.
>
> It is difficult enough for a child to grow up with a label as a sexual victim. But to be a victim of sexual behavior at the hands of their own father, that is something that I don't think any of us can understand unless we are in that position.
>
> You have deprived them of their innocence. You have deprived them of having their first sexual experience be a beautiful one with someone who they love; who loves them.
>
> It is hard to imagine that they will ever have a normal sexual relationship with someone who cares for them without it being marred and tainted and affected by what you did to them. I am sure that they wonder what they did to deserve that. I am sure that they have tremendous shame, even though they are blameless in all of this.
>
> So I'm, quite frankly, concerned less about the impact that all of this has had on you, and I am concerned about the impact

that this has had on your daughters. And you are right, you will not have a relationship with them in the future. You will not get to see them be in prom pictures. You will not get to walk them down the aisle at their weddings. And it is appropriate that you not be there. I just pray for them that you are not even in their minds on that day and on all those special days in their lives.

* * * *

I find that you are in need of correctional treatment that can best be served in a state correctional institution. I find that a lesser sentence would depreciate the seriousness of your offenses, and I find that if I did not impose a significant sentence, that it would serve as an indication to others that it's not that big of a deal, that you won't serve time in a state correctional institution for sexually assaulting young children.

N.T. Sentencing at 41-44.

Upon review, the record clearly demonstrates that the trial court stated its reasons for imposing consecutive sentences during the sentencing hearing. Appellant pleaded guilty to two separate charges, for separate conduct, against separate victims. The imposition of two separate sentences to be served consecutively was within the trial court's discretion. Additionally, the court stated its reason for imposing sentences in the aggravated range. With respect to the indecent assault sentence, the trial court found the aggravating factor to be that the victim was Appellant's biological daughter. *Id.* at 44. Likewise, for the indecent exposure sentence, the trial court found the aggravating factors to be that the victim was Appellant's other biological daughter, and that he asked her to touch his erect penis. *Id.* at 46. Thus, we find no error.

In his third issue, Appellant claims the trial court erred by imposing a sentence for indecent assault, graded as a felony of the third degree, which

exceeds the statutory maximum. A felony of the third degree carries a statutory maximum penalty of seven years. 18 Pa.C.S.A. § 1103. Here, the trial court sentenced Appellant to 18 to 60 months of incarceration for indecent assault, followed by 36 months of probation. On its face, the total sentence of 96 months exceeds the statutory maximum. However, indecent assault has a mandatory 36-month period of probation for Tier III sex offenders pursuant to 42 Pa.C.S.A. § 9718.5(a). "The court may impose the term of probation required under subsection (a) **in addition to the maximum sentence** permitted for the offense for which the defendant was convicted." 42 Pa.C.S.A. § 9718.5(b) (emphasis added). As the trial court sentenced Appellant to a mandatory period of probation in addition to the maximum sentence, we find no error.

Accordingly, we agree with counsel's determination that the issues presented in the *Anders* brief are meritless, and our independent review of the record reveals no non-frivolous issues to be raised on appeal. *Kearns, supra.* Therefore, we affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/1/2024